IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| AMERICAN BUSINESS FINANCIAL | ) | Case No. 05-10203 (MFW) |
| SERVICES, INC., *et al.*[1], | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| George L. Miller, Chapter 7 Trustee for | ) | |
| the Bankruptcy Estates of American | ) | |
| Business Financial Services, Inc., *et al.*, | ) | |
| | ) | |
| Plaintiff, | ) | Adv. Proc. No. 07-50101 (KG) |
| v. | ) | |
| | ) | |
| Charlene V. Mead, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | Objection Deadline: August 9, 2007 |
| _____ | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT'S MOTION TO WITHDRAW THE REFERENCE

                                                Christopher D. Loizides (No. 3968)
                                                LOIZIDES, P.A.
                                                1225 King Street, Suite 800
                                                Wilmington, DE 19801
                                                Telephone:   (302) 654-0248
                                                Facsimile:    (302) 654-0728
                                                E-mail:        loizides@loizides.com

                                                *Counsel for Charlene V. Mead*

DATED: July 27, 2007

---

[1] On January 21, 2005, American Business Financial Services, Inc. filed Case No. 05-10203, Tiger Relocation Company filed Case No. 05-10204, American Business Credit, Inc. filed Case No. 05-10206, Home American Credit, Inc. filed Case No. 05-10207, and American Business Mortgage Services, Inc. filed Case No. 05-10208 (hereinafter referred to as the "Debtors" herein). ABFS Consolidated Holdings, Inc. filed a petition on January 24, 2005. Based on information and belief, none of the Transfers at issue herein were made by ABFS Consolidated Holdings, Inc.

070716135733.DOCX

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................. ii

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING ................................ 1

SUMMARY OF ARGUMENT .............................................................................................. 1

STATEMENT OF FACTS ................................................................................................... 1

ARGUMENT

    I.    DEFENDANT HAS A SEVENTH AMENDMENT RIGHT TO A JURY TRIAL ...... 2

    II.    THE BANKRUPTCY COURT MAY NOT CONDUCT JURY TRIALS ABSENT CONSENT OF THE DISTRICT COURT AND ALL PARTIES ............................... 3

    III.    DEFENDANT'S RIGHT TO A JURY TRIAL IN THE DISTRICT COURT REQUIRES THAT THE REFERENCE BE WITHDRAWN ......................................... 3

CONCLUSION AND RELIEF REQUESTED ....................................................................... 4

# TABLE OF AUTHORITIES

**Federal Cases**

Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 37 (1989) ................................................................ 2
Hutchins v. APCC Servs., Inc., Civ. A. 03-793 (KAJ), 2004WL 406353, *1 - *2 (D. Del., March 3, 2004) .................................................................................................................................... 3
In re NDEP Corp., 203 B.R. 905, 908 (D. Del. 1996) .................................................................... 3
Langenkamp v. Culp, 498 U.S. 42, 44-45 (1991) ........................................................................... 2

**Federal Statutes**

11 U.S.C. § 547 ............................................................................................................................... 2
11 U.S.C. § 547(b) .......................................................................................................................... 1
11 U.S.C. § 548 ............................................................................................................................... 2
28 U.S.C. § 157(d) ................................................................................................................... 3, 2, 1
28 U.S.C. § 157(e) .......................................................................................................................... 3

## STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDING

George L. Miller, Chapter 7 Trustee (the "Plaintiff") for the Bankruptcy Estates of American Business Financial Services, Inc., et al. (the "Debtors") has sued Charlene V. Mead ("Defendant") to recover a transfer Plaintiff alleges is avoidable as a preference under 11 U.S.C. § 547(b). Defendant has demanded a trial by jury to which Defendant is entitled under the Seventh Amendment of the United States Constitution. Because the Bankruptcy Court may not conduct jury trials, Defendant moves to withdraw the reference under 28 U.S.C. § 157(d).

## SUMMARY OF ARGUMENT

The United States Supreme Court has held that a defendant in a preference or fraudulent conveyance action has a Seventh Amendment right to a jury trial as long as the defendant has not waived that right by filing a proof of claim in the bankruptcy. Here, Defendant has demanded a jury trial and has not filed a proof of claim. Moreover, the Bankruptcy Court is not authorized to conduct jury trials without the consent of both parties and the District Court. Because Defendant has not consented to a trial in the Bankruptcy Court, only the District Court may try this case. Accordingly, the reference must be withdrawn.

## STATEMENT OF FACTS

On January 21, 2005, Debtors filed petitions under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). Subsequently, the Debtors' cases were converted to cases under Chapter 7 of the Bankruptcy Code and Plaintiff was appointed as the Chapter 7 Trustee over the Debtors' estates.

Plaintiff filed the complaint (the "Complaint") commencing the above-captioned adversary proceeding (the "Adversary Proceeding") against Defendant on January 19, 2007. The Complaint seeks to avoid and recover a $14,833.78 payment made to Defendant in exchange for a debt security issued by the Debtors. Defendant timely filed her Answer and Jury Demand on April 5, 2007 (Adversary Docket No. 10).

Defendant has never participated in the Debtors' bankruptcy cases and did not file a proof of claim.

## ARGUMENT

### I.  DEFENDANT HAS A SEVENTH AMENDMENT RIGHT TO A JURY TRIAL

In Langenkamp v. Culp, 498 U.S. 42, 44-45 (1991), the Supreme Court upheld the Court of Appeal's ruling that a defendant in a preference action under 11 U.S.C. § 547 has a Seventh Amendment right to a jury trial. The Court stated: "If a party does *not* submit a claim against the bankruptcy estate, however, the trustee can recover allegedly preferential transfers only by filing what amounts to a legal action to recover a monetary transfer. In those circumstances, the preference defendant is entitled to a jury trial."[1] Similarly, the Supreme Court held in Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 37 (1989), that there is a right to a jury trial in a fraudulent conveyance action under 11 U.S.C. § 548 so long as the defendant has not filed a proof of claim in the bankruptcy.

The Adversary Proceeding seeks to avoid transfer(s) as a preference or fraudulent conveyance. Further, Defendant here has *not* filed a proof of claim and has accordingly *not* waived her right to a jury trial. Moreover, Defendant's jury demand was timely under Fed. R. Civ. P. 38(b), as applicable under Fed. R. Bankr. P. 9015, as it was made before ten days

---

[1] In Langenkamp, the defendant had filed a proof of claim and therefore had waived its jury trial right.

following the service of Defendant's answer. Accordingly, under <u>Langenkamp</u> and <u>Granfinanciera</u>, Defendant has a right to a jury trial in this matter.

## II. THE BANKRUPTCY COURT MAY NOT CONDUCT JURY TRIALS ABSENT CONSENT OF THE DISTRICT COURT AND ALL PARTIES

The Bankruptcy Court may not conduct jury trials absent consent of all the parties to the proceeding and the authorization of the District Court. 28 U.S.C. § 157(e). Defendant has not consented to a trial by jury before the Bankruptcy Court. Accordingly, the Bankruptcy Court has no authority to conduct the trial in this proceeding.

## III. DEFENDANT'S RIGHT TO A JURY TRIAL IN THE DISTRICT COURT REQUIRES THAT THE REFERENCE BE WITHDRAWN

The District Court is empowered to withdraw the reference of a bankruptcy adversary proceeding "for cause." 28 U.S.C. 157(d). "Cause" includes the right to a jury trial before the District Court. See <u>In re NDEP Corp.</u>, 203 B.R. 905, 908 (D. Del. 1996) ("Another factor sometimes considered by courts analyzing whether withdrawal is appropriate is 'whether the parties have requested a jury trial.' . . . This factor is important, because absent the express consent of both parties and a special designation of jurisdiction by the district court, the bankruptcy court may not hold a jury trial in this non-core proceeding.") (citations omitted).

Withdrawal of the reference here is necessary because the Bankruptcy Court is not empowered to conduct jury trials and Defendant does not consent to a jury trial in the bankruptcy court. See <u>Hutchins v. APCC Servs., Inc.</u>, Civ. A. 03-793 (KAJ), 2004WL 406353, *1 - *2 (D. Del., March 3, 2004) (defendant's right to a jury trial in a fraudulent conveyance and preference action warranted withdrawal of the reference under 28 U.S.C. § 157(d)). Accordingly, the reference should be withdrawn.

Finally, the Defendant has no objection to pretrial proceedings going forward in the Bankruptcy Court, the reference should be withdrawn before the Trial Date.

## CONCLUSION AND RELIEF REQUESTED

For all of these reasons, Defendant respectfully requests that the Court enter an order substantially in the form attached as Exhibit A withdrawing the reference of this adversary proceeding.

DATED: July 27, 2007

                                                    Christopher D. Loizides (No. 3968)
                                                    LOIZIDES, P.A.
                                                    1225 King Street, Suite 800
                                                    Wilmington, DE 19801
                                                    Telephone:   (302) 654-0248
                                                    Facsimile:    (302) 654-0728
                                                    E-mail:       loizides@loizides.com

                                                   *Counsel for Charlene V. Mead*